608 A.2d 601

**Silas S. COPELAND, Appellant,**

**v.**

**TOWNSHIP OF NEWTOWN, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1992.

Decided April 27, 1992.

S. Stanton Miller, for appellant.

Robert J. Sugarman, for appellee.

Before McGINLEY and SMITH (P.), JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Silas S. Copeland (Officer Copeland) appeals from the order of the Court of Common Pleas of Delaware County affirming the Township of Newtown Board of Supervisor's (Board) one-day suspension of Officer Copeland. We reverse.

The facts as found by the Board are summarized as follows. On January 10, 1991, Officer Copeland and Sergeant Neilsen arrived at a pizza parlor where an alleged assault had occurred. Two women, who had witnessed the incident, approached Officer Copeland in the parking lot while Sergeant Neilsen was inside the pizza parlor. The two women indicated that they would testify as to the incidents of the assault. Officer Copeland recorded their names, place of employment and phone numbers but failed to take any statements.

Sergeant Neilsen ordered Officer Copeland to file a report of the incident. Six days later without a report being filed, Police Chief Mallon ordered Officer Copeland to complete his investigatory report. However, when the report was finally issued it revealed that Officer Copeland had failed to interview the two women who stated that they had witnessed the incident.

Chief Mallon requested the Township Manager to discipline Officer Copeland and recommended a one-day suspen-

sion. Officer Copeland received the following communication signed by the Township Manager.

This is to inform you that the *Board of Supervisors,* based on a memorandum dated January 28, 1991 from the Chief–Of–Police, (Copy attached), hereby suspends your for two days.

The Suspension shall occur on February 20 and February 21, 1991.

The Two-day suspension is for the following:

| Section of Police Code | |
|---|---|
| 150.40 | Neglect of an Official Duty |
| 150.48 | Disobedience of an Order |

This Notice of Suspension, without pay, and a Reprimand will be made a permanent part of your personnel file.

You may appeal this action with ten (10) calendar days of this notice to the *Board of Supervisors.*

(emphasis added) (166a).

Officer Copeland appealed and as a result of the hearings on his appeal, the Board of Supervisors issued only a one-day suspension. On appeal, the trial court, without taking additional evidence, affirmed the Board's actions.

In his appeal to this Court,[1] Officer Copeland argues that the trial court erred because: 1) the Board denied Officer Copeland due process; and 2) the Board's findings of fact are not supported by substantial evidence.

Officer Copeland argues that the Board denied him due process because actual or apparent bias existed on the part of the Board. We agree.

In *Lyness v. State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992), *reversing,* 127 Pa.Commonwealth Ct. 225, 561 A.2d 362 (1989), three members of the State Board of

---

1. Our scope of review of the action of the Board is limited. Where a complete record is made before the Board, and the trial court takes no additional evidence, we must affirm unless there has been a violation of constitutional rights, an error of law has been made, or when necessary findings of fact are not supported by the evidence. *Tegzes v. Township of Bristol,* 504 Pa. 304, 472 A.2d 1386 (1984).

Medicine who made a determination to prosecute Dr. Lyness went on to participate in the Medical Board's deliberation with respect to imposing a sanction. The Supreme Court stated:

> Whether or not any actual bias existed as a result of the [Medical] Board acting as both prosecutor and judge is inconsequential; the potential for bias and that appearance of non-objectivity is sufficient to create a fatal defect under the Pennsylvania Constitution.... The accused is forced to face the same body which heard allegations and formed prosecutorial judgments concerning probable cause (some of it perhaps inadmissible as formal evidence), now dressed in the robe of impartial jurist. Such a schizophrenic fact of justice, poses subtle dangers which threaten complete objectivity and is not permissible under the due process guaranty of the Pennsylvania Constitution, as interpreted by this Court ...

(529 Pa. at 548–549, 605 A.2d at 1210–11) (citations and footnote omitted).

Because the Board here issued the initial suspension as a prosecutor and then sat as alleged impartial jurists, even if no actual bias existed, we face the same scenario as the Supreme Court faced in *Lyness* of an appearance of impropriety which is an impermissible violation of due process. As the Supreme Court suggests in *Lyness*, it is necessary for administrative boards to place prosecutorial functions in a "group of individuals, or entity, distinct from the Board which renders the ultimate adjudication." *Id.* 529 Pa. at 549, 605 A.2d at 1211.

Accordingly, we reverse the order of the Court of Common Pleas of Delaware County.[2]

### ORDER

AND NOW, this 27th day of April, 1992, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby reversed.

---

**2.** Because of our disposition of Officer Copeland's due process argument, we will not address his claim that the Board's findings are not supported by substantial evidence.