623 A.2d 433

**William I. COOPER, M.D., Petitioner,**

v.

**STATE BOARD OF MEDICINE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided March 12, 1993.

Order Denying Reconsideration,
Clarifying Opinion April 26, 1993.

Thomas G. Mundhenk, for petitioner.

April L. McClaine, for respondent.

Before CRAIG, President Judge, McGINLEY, J., and LORD, Senior Judge.

CRAIG, President Judge.

William I. Cooper, M.D. appeals a decision of the Pennsylvania State Board of Medicine that denied Cooper's motion to dismiss or suspend disciplinary proceedings pending against him before the board.

The issues Cooper raises on appeal are: (1) whether, under the recent Supreme Court decision of *Lyness v. Pennsylvania State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992), the board may adjudicate the case against Cooper when some members of the present board were also members when the board initiated prosecutorial action against him; and (2) whether Cooper's constitutional due process rights were violated because the board did not provide him with information he sought through discovery.

## FACTS

On May 22, 1990, the board authorized formal disciplinary action against Dr. Cooper, after considering the recommendations of a prosecuting attorney. The eleven members of the board that unanimously authorized the action were: Shirley R. Fox, R.N., James A. Kane, M.D., Guy L. Kratzer, M.D., Gary W. Lyons, M.D., Joseph T. Marconis, M.D., Joshua A. Perper, M.D., Barbara K. Shore, Ph.F., Jason C. Shu, M.D., Mary Ellen Weinberg, Donna F. Wenger, and George L. Shevlin.

The board entered a 470–count complaint against Dr. Cooper, charging him with:

Multiple counts of unprofessional conduct, failure to conform to ethical and quality standards of the profession, malpractice, the performance of unnecessary or excessive procedures, tests and surgeries, excessive billing, improper record keeping, and the making of misleading, deceptive, untrue or fraudulent representations in the practice of medicine with respect to 30 patients.

(Appellee's Brief, p. 1)

Cooper filed an answer to the complaint and requested a hearing and a pre-hearing conference before the hearing examiner. Cooper also filed a motion to dismiss or suspend the proceedings against him, which was denied by the hearing examiner. In his motion, Cooper cited the Supreme Court's decision in *Lyness,* and the hearing examiner held that the prosecutor could proceed with the action in accordance with *Lyness,* provided that the board implemented changes in its procedures for adjudicating the case against Cooper. Cooper appealed that decision to the board, which affirmed the hearing examiner's decision.

The board determined that a court of competent jurisdiction should decide the issue of whether the board may, or the conditions under which it could, adjudicate the case, despite its role in determining that Cooper should be prosecuted. The board stayed the proceedings against Cooper pending an appeal to this court. On September 9, 1992, this court grant-

ed Cooper's petition for permission to appeal to this court from the board's certified interlocutory order.

The current eleven members of the board are as follows: Ernest L. Abernathy, M.D., Shirley F. Fox, R.N., Victor F. Greco, M.D., James A. Kane, M.D., Alvin A. Kinsel, M.D., Guy L. Kratzer, M.D., Joshua A. Perper, M.D., Daniel J. West, Jr., Ph.D., Donna F. Wenger, and George L. Shevlin. Thus, the following six current members were members of the board that determined that Cooper should be prosecuted: Fox, Kane, Kratzer, Perper, Wenger, and Shevlin.

### 1. *Lyness v. State Board of Medicine*

Dr. Cooper first contends that, under the Supreme Court's holding in *Lyness,* supra, the board cannot commingle prosecutorial and adjudicative functions. The board argues that *Lyness* does not compel dismissal of the present case, because the members of the board who will ultimately adjudicate this case will be different from those who participated in instituting action against Dr. Cooper.

However, Cooper argues that, although the commingling of prosecutorial and adjudicative functions has not yet occurred, given the statutes and regulations which govern the board, commingling inevitably will occur.

In *Lyness,* a physician appealed from a decision of the board which revoked the physician's license after finding that he committed immoral and unprofessional conduct. This court affirmed the board's decision and the physician appealed to the Pennsylvania Supreme Court. The Supreme Court held that the board violated the physician's due process rights because an administrative board cannot initiate a professional licensing prosecution, and then act as the ultimate fact-finder in determining whether a violation has occurred. Three of the seven members of the board who determined that the physician should be prosecuted, participated in the deliberation to impose sanctions against him.

The Court first noted that the basic elements of procedural due process are: (1) adequate notice; (2) opportunity to be

heard; and (3) the chance to defend oneself before a fair and impartial tribunal. *Id.* at 542, 605 A.2d at 1207, (citing *Commonwealth v. Thompson,* 444 Pa. 312, 316, 281 A.2d 856, 858 (1971)). In addition, the Court noted that due process applies to adjudicative hearings involving substantial property rights, such as the right of the individual to pursue his livelihood or profession.

The Supreme Court reasoned that:

whether or not any actual bias existed as a result of the Board acting as both prosecutor and judge is inconsequential; the potential for bias and the appearance of non-objectivity is sufficient to create a fatal defect under the Pennsylvania Constitution.

*Id.* 529 Pa. at 548, 605 A.2d at 1210.

The Court recognized that it would be unrealistic and inefficient to prevent administrative agencies from handling both prosecutorial and adjudicatory functions. However, the Court noted that the constitution requires that, "if more than one function is reposed in a single administrative entity, walls of division be constructed which eliminate the threat or appearance of bias." *Id.* 529 Pa. at 546, 605 A.2d at 1209. The Court determined that, at the adjudicative stage in the proceedings, the physician was entitled to a board which had not been involved in the prosecutorial function.

In the present case, Dr. Cooper contends that even a board composed entirely of members who did not sit on the board that decided to prosecute will not solve the problem of unconstitutional commingling. Cooper argues that the formation of an untainted board is impossible because of (1) the possibility that old members will talk to new members, and (2) the availability of records to the new board.

Dr. Cooper, relying on this court's recent decision in *Copeland v. Township of Newton,* 147 Pa.Commonwealth Ct. 463, 608 A.2d 601 (1992), argues that *Lyness* requires that a "group of individuals, or entity, distinct from the board which renders the ultimate adjudication" prosecute the case, and hence, the

only solution here is to have a separate group, distinct from the board, approve the prosecution.

■ However, neither *Lyness* nor *Copeland* stand for the proposition that there must be an entity, completely separate and distinct from the board, to render the final decision in this case. In fact, the *Lyness* Court implicitly concluded that subentities of administrative agencies could perform the prosecutorial and adjudicative functions without commingling those functions, as long as walls of division are constructed to eliminate the threat or appearance of bias. *Lyness*, 529 Pa. at 546, 605 A.2d at 1209.

Thus, the separate entity that the Court envisioned could consist of members of the board itself, as long as none of those members had participated in the prosecution stage of the proceeding.

■ In the present case, the board contends that, since the *Lyness* decision, it has acted in conformance with the standards set out by the Supreme Court. The board claims that it no longer hears prosecution recommendations.

In cases like the present one, where the board heard and acted upon prosecution recommendations, before the *Lyness* decision, the board has adopted new regulations to address the adjudication of those cases. Specifically, on October 27, 1992, the board adopted the following regulations:

If an application for review of a hearing examiner's decision has been timely filed under Section 905 of the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.905, upon which a prosecution recommendation under § 16.62 has been made, the Board will review the case as follows:

(1) If there exists a number which constitutes a quorum of Board members who did not receive or participate in the consideration of a prosecution recommendation, that quorum will adjudicate the case. The quorum will consider the application for review de novo.

(2) If there is less than a quorum of qualified members to adjudicate the case and commingling of the Board's prosecu-

torial and adjudicatory functions is raised on appeal to the Board:

(a) The Board may adopt the order of the hearing examiner.

(b) The Board may give notices to the parties of its intent to continue the matter generally until such time as there is a sufficient number of qualified members to form a quorum to adjudicate and, as a part of its notice, provide the parties with an opportunity to raise any factual or legal issue relating thereto.

(3) If there is less than a quorum of qualified members and commingling of the Board's functions has not been raised and preserved on appeal to the Board:

(a) The entire Board may adjudicate the case if the Respondent has not answered the order to show cause or has admitted the factual averments in the order to show cause.

(b) Those members of the Board who did not receive or participate in the consideration of the prosecution recommendation, even though less than a quorum, may adjudicate.

Under the new regulations, if Dr. Cooper's case, which is presently before the hearing examiner, should come before the board, and the board has a quorum of board members who did not participate in prosecuting the case, that quorum will adjudicate the case. In addition, under the new rules, none of the members of the board who participated in the prosecution decision will participate in adjudicating the merits of the case.

Dr. Cooper relies on the fact that the board's administrative regulations specifically authorizes the board to act as both prosecutor and judge. However, because the board contends that it has re-written its regulations, the new regulations would eliminate the possibility that the board would proceed in accordance with its old regulations.

Thus, in accordance with *Lyness*, the board is not required to have a completely separate body render the final adjudication in this case, as long as the board properly excludes, in the

final stages of the proceedings, the members of the board who performed prosecutorial functions.

## 2. *Discovery*

■ Dr. Cooper also contends that his due process rights were violated because of his inability to obtain all of the documents which he requested from the board. The documents Cooper contends he did not receive include (1) communications which the board had with the prosecuting attorney, and (2) any other filings which the board made. Dr. Cooper argues that he was entitled to a complete record of *every* proceeding involving the board in which his case was discussed.

In a letter dated February 24, 1992, the board responded to Dr. Cooper's discovery request by informing him that there was no formal discovery in administrative proceedings before licensing boards, and that, according to procedure, the board would comply with most of his requests at the pre-hearing conference, which had not as yet occurred.

Because the board has followed its regulations for discovery requests in administrative proceedings, the board has not violated Dr. Cooper's due process rights. The fact that Cooper will be allowed to pursue discovery at the pre-hearing conference is sufficient to show that no violation of due process rights occurred. *Eastern Pennsylvania Psychiatric Institute, Department of Public Welfare v. Russel,* 77 Pa.Commonwealth Ct. 390, 465 A.2d 1313 (1983).

Accordingly, the decision of the board is affirmed and this case is remanded to the board, to provide a board which consists of members who did not participate in the prosecution phase of the proceedings, to render the final adjudication in this case.[1]

1. This court notes that six of the eleven current members of the board may not participate in the final adjudication of this case, because they participated in the prosecution stages. These six members are as follows: Shirley F. Fox, R.N., James A. Kane, M.D., Guy L. Kratzer, M.D., Joshua A. Perper, M.D., Donna F. Wenger, and George L. Shevlin.

## ORDER

NOW, March 12, 1993, the decision of the Commonwealth of Pennsylvania, State Board of Medicine, dated July 28, 1992, at No. 0530–49–91, is affirmed, and this case is remanded to the board, to provide a board which consists of members who did not participate in the prosecution phase of the proceedings, to render the final adjudication in this case.

Jurisdiction relinquished.

## ORDER

NOW, April 26, 1993, upon consideration of application for clarification or reconsideration submitted by respondent and answer thereto by petitioner, it is hereby ORDERED that the application for reconsideration is denied, but the application for clarification is granted to the extent of hereby noting that reference in the opinion filed March 12, 1993 to "regulations" was a generic reference to interim procedures of the respondent and did not imply regulations adopted under the Commonwealth Documents Law because no such issue as to mode of promulgation has been raised in this case.