631 A.2d 781

**Stephen B. BATOFF, Ph.D., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, BUREAU OF PROFES-
SIONAL AND OCCUPATIONAL AFFAIRS, STATE
BOARD OF PSYCHOLOGY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1993.

Decided Sept. 1, 1993.

David S. Dessen, for petitioner.

Joyce McKeever, Chief Counsel, for respondent.

Before CRAIG, President Judge, and SMITH, J., and KELTON, Senior Judge.

CRAIG, President Judge.

Dr. Stephen B. Batoff seeks judgment on the pleadings based on a petition for review he filed in this court seeking a permanent injunction against the State Board of Psychology,

to enjoin further proceedings by the board on an order to show cause the board issued against Dr. Batoff.

The sole issue presented is whether, under *Lyness v. Pennsylvania State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992), the board may constitutionally *adjudicate* charges contained in an order to show cause which the board issued against Dr. Batoff. In *Lyness*, the Pennsylvania Supreme Court held that a multi-member administrative board violated a physician's due process rights by commingling prosecutorial and adjudicative functions in the same board.

## FACTS

On November 19, 1990, eight members of the nine-member board voted to authorize formal disciplinary action against Dr. Batoff, a psychologist, after considering the recommendations of a prosecuting attorney for the Commonwealth.

On January 31, 1991, the board issued an order to show cause against Dr. Batoff, which sought to revoke his license to practice psychology in the Commonwealth of Pennsylvania. Dr. Batoff filed an answer to the order to show cause. On November 21, 1991, the board appointed a hearing examiner for the case. The board scheduled a hearing for February 10, 1992, and that hearing was continued, at Dr. Batoff's request, until April 13, 1992.

On March 20, 1992, the board issued a subpoena upon Dr. Batoff, directing Dr. Batoff to provide the board with the records of all of the patients he treated in 1991 who were involved in motor vehicle accidents. After service of the subpoena, the prosecuting attorney moved to continue the case, and the hearing examiner granted the continuance until June 15, 1992.

On April 24, 1992, Dr. Batoff filed a petition for review with this court, seeking to preliminarily and permanently enjoin further proceedings on the board's order to show cause, alleging that there was no constitutionally appropriate way to adjudicate the charges pending against Dr. Batoff. In an order dated May 18, 1992, this court granted Dr. Batoff's

motion for a preliminary injunction, pending the Pennsylvania Supreme Court's decision on the Commonwealth's petition for clarification of the Supreme Court's decision in *Lyness.*

The board appealed this court's May 18 order to the Supreme Court, and also filed a petition for extraordinary relief with that court; however, the board discontinued both the appeal and petition at a later date. The Supreme Court denied the Commonwealth's petition for clarification of the *Lyness* decision, and thereafter, this court issued an order to the parties in this case, requesting that they submit memoranda to this court regarding the date when Dr. Batoff *first* raised the constitutional issues of "commingling of prosecutorial and adjudicative functions" addressed in *Lyness.* Dr. Batoff responded to this court's request, stating that he first raised the "commingling" issue on April 24, 1992, in his petition for review filed with this court. This court issued a further order enjoining any further proceedings by the board until this court issued a final order in this case.

The board filed an answer to Dr. Batoff's petition for review with this court, asserting that the *Lyness* decision is inapplicable to this case, or alternatively, if *Lyness* does apply, the charges pending against Dr. Batoff can be adjudicated by board members not involved in preferring the charges.

## ANALYSIS

### 1. Application of Lyness to this Case—Retroactive or Prospective Only

The board argues that courts should apply *Lyness* only prospectively. Dr. Batoff contends that the board's argument is without merit because the Supreme Court's decision in that case does not fall under the principles for prospective application only.

*Lyness* involved an appeal by a physician from a decision of the State Board of Medicine, which revoked the physician's license after finding that the physician committed immoral conduct. This court affirmed the board's decision and the Supreme Court reversed that decision.

The Supreme Court concluded that an administrative board could not act as both a prosecutorial and adjudicatory body in determining whether the physician's conduct was immoral or unprofessional. That court noted that three members of the seven-member board which had made the decision to prosecute the physician, also took part in the decision to impose sanctions on the physician.

The court concluded that the board had violated the physician's due process rights in commingling prosecutorial and adjudicative functions, and held that if the administrative entity must perform more than one function, there must be walls of division to erase any bias or appearance of bias. *Lyness,* 529 Pa. at 546, 605 A.2d at 1209.

In *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the United States Supreme Court developed a three-prong test to determine whether a new judicial principle should be applied retrospectively or prospectively.

■ That court held that limiting a new principle to prospective application applies only where the new decision meets *all* of the following conditions: (1) the decision establishes a new principle of law by either overruling clear past precedent or involves an issue of first impression, the resolution of which was not clearly foreshadowed, (2) the merits of purely prospective application of the new decision outweigh the disadvantages, based on the history of the rule in question, its purpose and effect, and whether a retrospective application would retard operation of the new law, and (3) the inequity of a retroactive application of the new rule outweighs the benefit of such an application. *Id.* at 106, 107, 92 S.Ct. at 355, 356.

Dr. Batoff further notes that in *Blackwell v. State Ethics Commission,* 527 Pa. 172, 589 A.2d 1094 (1991), (*Blackwell V*) a case on which the board relies, the Pennsylvania Supreme Court adhered to the Pennsylvania rule that, if a party has a case which is pending and a new decision is announced which involves the same issues as the case pending, that party must

receive any benefits in the change of law, before a final judgment in that party's case. The court stated:

> Therefore, we hold that our ruling in [*Blackwell v. Commonwealth State Ethics Commission*, 523 Pa. 347, 567 A.2d 630] *Blackwell II*, shall apply to the instant appeal ..., the instant consolidated appeals, and to all proceedings pending at the time of our decision in *Blackwell II* (December 13, 1989), wherein the issues of the constitutionality ... of the Sunset Act was timely raised and properly preserved at all stages of the adjudication.

*Id.* at 188, 589 A.2d at 1102.

■ The *Blackwell* court noted that, as a general rule, state courts have power to determine whether a new rule will be applied retroactively or prospectively. Neither the United States nor the Pennsylvania Constitutions require or forbid prospective or retrospective application of a new decision. *Blackwell V*, 527 Pa. at 182, 589 A.2d at 1098, citing *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

■ The Supreme Court in *Blackwell V* cites *Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), which outlined three factors which must be considered in determining whether to apply a new rule retroactively or prospectively. These three considerations are as follows:

> (1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect of the administration of justice by the retroactive application of the new rule.

*Id.* 527 Pa. at 183, 589 A.2d at 1099, citing *Desist, supra.*

■ *Lyness* does not involve a new principle of law which overrules clear past precedent, nor does it decide an issue of first impression whose resolution was not clearly foreshadowed. The court merely recognized that the United States Constitution requires that, "if more than one function is reposed in a single administrative entity, walls of division be constructed which eliminate the threat or appearance of bias." *Lyness*, 529 Pa. at 546, 605 A.2d at 1209. *Lyness* involves

only a limited decision which invalidated the regulations of the State Board of Medicine.

Thus, that case does not meet the first prong under *Chevron, supra,* for limiting the rule solely to prospective application.

In addition, because *Lyness* mandates conformity with the constitution and has a limited effect on the operations of the board if applied retroactively to cases pending at the time of that decision, *Lyness* warrants retroactive application. *See also Cooper v. State Board of Medicine,* 154 Pa.Commonwealth Ct. 234, 623 A.2d 433 (1993) (where this court applied *Lyness* to a case pending before the State Board of Medicine at the time the Supreme Court decided *Lyness* ).

The Supreme Court decided *Lyness* on March 18, 1992. In this case, Batoff first raised the constitutional issue of "commingling of prosecutorial and adjudicative functions" on April 24, 1992, when he filed this original jurisdiction petition for review. Thus, in accordance with *Blackwell V,* because this case was pending at the time *Lyness* was decided, and because Batoff raised the *Lyness* issue in a timely manner, this court concludes that *Lyness* may be applied *retroactively* to the present case.

Under *Blackwell V,* the Supreme Court, for application of the new rule to another case, requires that the other case be pending but does not expressly require that the new issue also shall have been pending in that case, but only that it be timely raised. *Cooper, supra.*

### 2. Adjudication under Lyness v. State Board of Medicine

Dr. Batoff argues that, even if *Lyness* applies in this case, the board cannot promptly and legally adjudicate the charges pending against Dr. Batoff because only *two* of the eight present board members were not involved in the adjudication of this case. Dr. Batoff contends that, because sections 3.1(a) and (c) of the Professional Psychologists Practice Act, Act of March 23, 1972, P.L. 136, added by Section 4 of the Act of April 25, 1986, P.L. 89, 63 P.S. § 1203.1(a) and (c), require that

the board consist of nine members, and state that a majority of the members of the board constitutes a "quorum for purposes of conducting the business of the board," the board may not take any action without that quorum.

In *Cooper v. State Board of Medicine, supra,* this court, relying on *Lyness,* held that:

   ... the separate entity that the Court envisioned *could consist of members of the board itself,* as long as none of those members had participated in the prosecution stage of the proceeding.

*Id.* at 239, 623 A.2d at 435.

Thus, in this case, *Lyness* precludes members of the board who participated in the board's decision to take formal action against Dr. Batoff in November of 1990, from participating in the final adjudicatory process.

Two of the board members were not involved in the decision to proceed to prosecution of this case. In addition, the board is now seeking to replace a third member who was involved in taking action against Dr. Batoff. When the board fills that vacancy, there will be three "untainted" board members available to adjudicate the case. The board contends that it may either (1) continue this case until a sufficient number of board members exist to form a quorum, or (2) proceed with the adjudicative process, but with only the above three members of the board participating.

In *FR & S Incorporated v. Department of Environmental Resources,* 113 Pa.Commonwealth Ct. 576, 537 A.2d 957 (1988), a case on which the board relies, this court found that two members of a three member board were biased because of a commingling of prosecutorial and adjudicative functions and remanded that case for final adjudication by the remaining member of the board. In that case, although 25 Pa.Code § 21.86 required a majority vote for final adjudication in a case before the board, the Pennsylvania Supreme Court affirmed this court's decision to allow the single board member to conduct the final adjudication in that case.

■ Thus, in this case, although § 1203.1(a) and (c) of the Professional Psychologists Practice Act requires a five-member quorum to conduct board business, the board may adjudicate the case with the current two untainted members and the third board member who the board contends will replace another board member who took part in prosecuting the case.

### 3. Judgment on Pleadings for Permanent Injunction

The pleadings do not establish that Dr. Batoff has a legal basis, under *Lyness,* to enjoin the board from conducting further proceedings on the board's order to show cause. In addition, the board may properly adjudicate those charges with the untainted members of the board.

Thus, this court will deny Dr. Batoff's motion for judgment on the pleadings.

■ However, where the pleadings support a judgment for the nonmoving party, as they do here, the court may grant judgment for the nonmoving party. *Boron v. Smith,* 380 Pa. 98, 110 A.2d 169 (1955). The court may enter judgment for or against any party, even if that party was not the moving party. Pa.R.C.P. 1034(b) states that "the court shall enter such judgment . . . as shall be proper on the pleadings." *Id.* at 102, 110 A.2d at 171.

Therefore, this court will enter judgment on the pleadings for the board.

### ORDER

NOW, September 1, 1993, it is **ORDERED** that petitioner's motion for judgment on the pleadings is denied, and judgment on the pleadings is granted in favor of respondent State Board of Psychology. Accordingly, the preliminary injunction issued by order of this court on May 18, 1992, is hereby dissolved.