638 A.2d 406

**Nabil JABBOUR, M.D., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE BOARD OF MEDICINE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1993.

Decided Feb. 17, 1994.

Kenneth R. Behrend, for petitioner.

John F. Alcorn, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, and SMITH, J., and KELTON, Senior Judge.

CRAIG, President Judge.

The Pennsylvania State Board of Medicine has filed a motion for summary "relief" [1] pursuant to Pa.R.A.P. 1517 and Pa.R.C.P. No. 1035, requesting this court to vacate its order preliminarily enjoining further proceedings in this case which began when the board issued an order to show cause which instituted administrative action against Dr. Nabil Jabbour, M.D., who was charged with multiple violations of the Medical Malpractice Act of 1985, including unprofessional conduct for allegedly failing to maintain adequate medical records.

The sole issue which the board presents is whether, under the Pennsylvania Supreme Court decision in *Lyness v. State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992), seven board members (out of the present ten members) who did not participate in the board's initial decision to prosecute Dr. Jabbour, may render the final adjudication in the doctor's case. By law, there are eleven seats on the board. Section 3(a) of the Medical Malpractice Act of 1985, Act of December 20, 1985, P.L. 457, 63 P.S. § 422.3(a).

## FACTS

The facts, based on the pleadings, affidavit, and stipulations of the parties, follow. On August 38, 1990, after considering the recommendations of its prosecuting attorney, the board authorized disciplinary action against Dr. Jabbour. Five board members authorized the prosecution: Joshua A. Perper, M.D., Shirley F. Fox, R.N., George L. Shevlin, Guy L. Kratzer, M.D., and James A. Kane, M.D. One board member, Jason C. Shu, M.D., abstained from voting. Another board member, Donna F. Wenger, was absent from the proceedings.

On June 17, 1991, the board issued an order to show cause against Dr. Jabbour. Jabbour filed an answer to the board's 1991 order to show cause, and an evidentiary hearing before the board's hearing examiner is pending in this case.

1. In precise terms, the motion is for summary *judgment* because Pa. R.A.P. 1517 makes the rules of civil procedure available, and with these pleadings closed, Pa.R.C.P. No. 1035 authorizes summary judgment.

Dr. Jabbour filed a petition for review in the nature of a complaint in equity with this court, seeking a preliminary injunction to prevent the board from conducting further proceedings in this matter, pursuant to the Pennsylvania Supreme Court's decision in *Lyness*. On May 18, 1992, this court enjoined further proceedings in this case pending the Pennsylvania Supreme Court's decision on an application for clarification of the *Lyness* decision, which the board had filed with that court. The Supreme Court denied the board's application. *Lyness* (No. 174 E.D.1990, filed June 30, 1992). On August 13, 1992, this court preliminarily enjoined all further proceedings before the board and the hearing examiner until 1) final hearing and disposition of the case, or 2) until further order of this court.

The following seven present members of the board did not participate in the vote to prosecute, and will be available for final disposition of the case: Charles J. Bannon, M.D., Victor F. Greco, M.D., Alvin A. Kinsel, M.D., Joseph J. Trautlein, M.D., Daniel J. West, Jr., Ph.D., Nathaniel Alston, P.A., and Donna F. Wenger.

## ANALYSIS

■ This court may grant a motion for summary judgment where, after examining the record in the light most favorable to the non-moving party, this court concludes that the pleadings, affidavits, admissions, and other evidence show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Muncy Area School District v. Gardner*, 91 Pa.Commonwealth Ct. 406, 497 A.2d 683 (1985).

■ The board contends that this court should enter judgment in favor of the board and vacate this court's August 13, 1992 order because, under *Lyness* and cases interpreting *Lyness*, the seven members of the board who did not participate in the decision to prosecute Dr. Jabbour, may conduct the final adjudication of this case.

In *Lyness*, the Pennsylvania Supreme Court reversed this court's decision, which had affirmed the board's decision to revoke a physician's license. The Supreme Court, in remanding the case to the board, noted that the board violated the physician's due process rights because three of seven members of the board who had initiated the prosecution of the physician, participated in the final adjudication of the case.

In this case, Dr. Jabbour notes that, in *Lyness*, the Supreme Court held that the multi-member board acts as an individual, i.e., or a single entity, and thus cannot serve as both prosecutor and judge. Jabbour argues that the fact that there may be some new members of the board, to render the final adjudication in this case, does not alter the point that the board acts a single entity.

Furthermore, Dr. Jabbour contends that the proposed adjudicatory process does not protect Dr. Jabbour's due process rights and erase the appearance of bias, because 1) there are still members on the board who were members at the time the board voted to prosecute Jabbour, and 2) the board as a whole has knowledge of Jabbour's appeal to this court, which means that the "untainted" members of the board know that the other members had voted to prosecute Dr. Jabbour.

However, in *Lyness*, the Supreme Court noted that:

[I]n the modern world of sprawling governmental entities akin to corporations it would be both *unrealistic and counterproductive* to insist that administrative agencies be *forbidden from handling both prosecutorial and adjudicatory functions,* where such roles are parcelled out among distinct departments or boards. Indeed, each administrative board and judge is ultimately a subdivision of *a single entity,* the Commonwealth of Pennsylvania, but this does not render their collective work as prosecutors, investigators and adjudicators constitutionally infirm, nor create an imminent threat of prejudice.

What our constitution requires, however, is that if more than one function is reposed in *a single administrative*

*entity, walls of division be constructed* which eliminates the threat or appearance of bias.

*Lyness,* 529 Pa. at 547, 605 A.2d at 1209. (Emphasis added.)

Additionally, in this court's recent decisions of *Cooper v. State Board of Medicine,* 154 Pa.Commonwealth Ct. 234, 623 A.2d 433 (1993), and *Batoff v. State Board of Psychology,* 158 Pa.Commonwealth Ct. 267, 631 A.2d 781 (1993), which interpret *Lyness,* this court held that the board is not required to have a completely separate body render the final adjudication in a case; the procedure satisfies due process concerns as long as the board members who render the final judgment in the case, were not involved in prosecuting the case.

In this case, seven members of the board did not participate in the vote to prosecute Dr. Jabbour. Joshua A. Perper, Ernest L. Abernathy, and George Shevlin are the only present members of the board who *did* take part in initiating prosecutorial action against Dr. Jabbour.

Thus, the board can satisfy the *Lyness* due process requirements if the seven board members who did not participate in the decision to prosecute Jabbour render the final adjudication in this case.

Thus, this court will vacate its August 13, 1992 order enjoining further proceedings in this case.

### *ORDER*

NOW, February 17, 1994, it is ORDERED that the board's motion for summary relief is GRANTED. Accordingly, this court vacates its August 13, 1992 order enjoining further proceedings in this case, evidentiary hearing(s) may proceed, and the seven current members of the board who did not take part in the vote to prosecute Dr. Jabbour, may render final adjudication in the case.