638 A.2d 484

**Ralph Preston MERCHANT, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE BOARD OF MEDICINE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1993.

Decided March 2, 1994.

Joyce McKeever, Chief Counsel, Bureau of Professional and Occupational Affairs, for respondent.

John G. DiLeonardo, for petitioner.

Before CRAIG, President Judge, and SMITH, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Before us for disposition are the preliminary objections of the Pennsylvania State Board of Medicine (Board) to a Petition for Review in the Nature of a Complaint in Equity filed in our original jurisdiction by Ralph Preston Merchant (Merchant). For the reasons set forth in this opinion, we sustain the Board's preliminary objections for Merchant's failure to exhaust his administrative remedies.

This case arises from the initiation of disciplinary proceedings against Merchant under Section 40(a) of the Medical Practice Act of 1985 (Act)[1] for allegedly unprofessional con-

1. Act of December 20, 1985, P.L. 457, *as amended,* 63 P.S. § 422.40(a). Section 40(a) provides as follows:

A license or certificate issued under this act may be temporarily suspended under circumstances as determined by the board to be an immediate and clear danger to the public health and safety. The board shall issue an order to that effect without a hearing, but upon due notice, to the licensee or certificate holder concerned at his or her last known address, which shall include a written statement of all allegations against the licensee or certificate holder. The provisions of section 9 shall not apply to temporary suspension. The board shall thereupon commence formal action to suspend, revoke or restrict the license or certificate of the person concerned as otherwise provided for in this act. All actions shall be taken promptly and without delay. Within 30 days following the issuance of an order temporarily suspending a license, the board shall conduct or cause to be conducted a preliminary hearing to determine that there is a prima facie case supporting the suspension. The licensee or certificate holder whose license or certificate has been temporarily suspended may be present at the preliminary hearing and may be represented by counsel, cross-examine witnesses, inspect physical evidence, call witnesses, offer evidence and testimony and make a record of the proceedings. If it is determined that there is not a prima facie case, the suspended license shall be immediately restored. The temporary suspension shall remain in effect until vacated by the board, but in no event longer than 180 days.

duct. In his petition, Merchant asserts, that under *Lyness v. State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992), the Board's adjudication of the charges against him unconstitutionally commingles prosecutorial and adjudicative functions in the Board. We previously denied Merchant's request for a preliminary injunction on the grounds that *Lyness* does not preclude the Board from adjudicating the charges against him.[2]

In this action, the Board's first objection is to the jurisdiction of this Court. The Board contends that Merchant has failed to exhaust his administrative remedies. The Board also makes an objection in the nature of a demurrer, which we do not reach because we find that we lack jurisdiction to hear this matter in our original jurisdiction.

■ In ruling on preliminary objections, we accept as true all well and clearly pleaded facts as well as all inferences which are reasonably deducible therefrom. *State Troopers Association v. Commonwealth of Pennsylvania,* 146 Pa.Commonwealth Ct. 467, 606 A.2d 586 (1991). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery. *Id.*

## BACKGROUND

The facts as recited in Merchant's petition are as follows. On May 20, 1993, the prosecuting attorney for the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs, filed with the Board a petition seeking the temporary suspension of Merchant's license to practice medicine for fourteen counts of unprofessional conduct. The petition alleges that criminal charges have been lodged against Merchant for indecently assaulting seven adult female patients

63 P.S. § 422.40(a) (footnote omitted). Under Section 41 of the Act, the Board has the authority to impose disciplinary measures on a regulated practitioner for a variety of reasons including immoral or unprofessional conduct or acting in a manner that presents an immediate and clear danger to public health and safety. 63 P.S. § 422.41.

2. Merchant has appealed our September 16, 1993 order to the Pennsylvania Supreme Court.

and two eleven year old girls during physical examinations. Additionally, the petition alleges that Merchant has prescribed controlled substances to five patients who were or became addicted.

In a May 25, 1993 order, the Board voted to temporarily suspend Merchant's license, finding that the prosecuting attorney had alleged facts in her petition that, if true, establish that the continued practice of medicine by Merchant presents an immediate and clear danger to the public health and safety. In accordance with Section 40(a) of the Act, the Board directed that a hearing examiner conduct a preliminary hearing within thirty days to determine whether a prima facie case exists to support the continued suspension of Merchant's license. Following a hearing before the Board Hearing Examiner, the Examiner determined, in a June 15, 1993 order, that there was a prima facie case supporting the Board's May 25, 1993 temporary suspension order for thirteen of the fourteen charges. Merchant did not appeal the temporary suspension order.

The prosecuting attorney then filed an order to show cause alleging seventy-one counts of unprofessional conduct against Merchant, including the original thirteen counts authorized by the Board.

Merchant subsequently filed his petition in this Court seeking to permanently enjoin the Board from continuing the disciplinary proceedings against him. Specifically, Merchant argues that the Board performed a prosecutorial function in its May 25, 1992 decision to temporarily suspend Merchant's license. Therefore, relying on *Lyness*, Merchant contends that the issuance, at any time, of an order suspending or revoking his license unconstitutionally commingles prosecutorial and adjudicative functions in the Board.[3] Additionally, Merchant argues that the prosecuting attorney lacked authori-

3. Merchant explains that, although the merits of his case will initially be heard by a neutral hearing examiner, the Board will inevitably conduct a *de novo* review of the matter under Section 905 of the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. § 1301.905.

zation by the Board to bring the additional counts contained in the order to show cause.

## · DISCUSSION

 To prevail on his petition for a permanent injunction, Merchant must establish that his right to relief is clear; that there is an urgent necessity to avoid an injury which cannot be compensated for by damages; and that greater injury will result from refusing rather than granting the relief requested. *Christoffel v. Shaler Area School District*, 60 Pa.Commonwealth Ct. 17, 430 A.2d 726 (1981). This Court is precluded from granting injunctive relief where an adequate remedy exists at law. *Bronstein v. Sheppard*, 50 Pa.Commonwealth Ct. 199, 412 A.2d 672 (1980).

 Merchant contends that he is not required to exhaust his administrative remedies where the administrative process itself is tainted under *Lyness*.[4] Based on our review of *Lyness* and its progeny, however, we conclude that Merchant has failed to demonstrate the inadequacy of his administrative remedies.[5] We will not presume that the Board will act in a manner violative of Merchant's constitutional rights in adjudicating the charges against him. *See Barr v. State Real Estate Commission*, 110 Pa.Commonwealth Ct. 530, 532 A.2d 1236 (1987).

In *Lyness*, involving disciplinary proceedings under Section 41 of the Medical Practice Act, our Supreme Court held that

4. We acknowledge that there is an exception to the exhaustion of administrative remedies doctrine for constitutional challenges. *Giffen v. Chronister*, 151 Pa.Commonwealth Ct. 286, 616 A.2d 1070 (1992). To qualify under the exception, however, the challenge must be to the constitutionality of the statute or regulation as a whole and not to how the statute or regulation has been applied in a particular case. *Id.* Merchant does not challenge the constitutionality of the Act or the Board's regulations, but the application of the Board's procedures in this case; therefore, we conclude that the constitutional issue raised in his petition does not fall within the exception.

5. With respect to the temporary suspension of his license, Merchant was afforded a preliminary hearing before a hearing examiner under Section 40(a). Merchant failed to seek review of the hearing examiner's decision as provided for in Section 905 of the Health Care Services Malpractice Act, 40 P.S. § 1301.905.

where the same individuals involved in the decision to prosecute are significantly involved in the adjudicatory phase of the proceedings, a violation of due process occurs.[6] The Court, however, recognized that it would be unrealistic and counterproductive to prevent administrative agencies from performing both adjudicative and prosecutorial roles. The Court determined that, "[w]hat our constitution requires ... is that if more than one function is reposed in a single administrative entity, walls of division be constructed which eliminates the threat or appearance of bias." *Lyness*, 529 Pa. at 547, 605 A.2d at 1209.

Thus, in this Court's recent decisions interpreting *Lyness*, *Batoff v. Commonwealth, Bureau of Professional and Occupational Affairs*, 158 Pa.Commonwealth Ct. 267, 631 A.2d 781 (1993) and *Cooper v. State Board of Medicine*, 154 Pa.Commonwealth Ct. 234, 623 A.2d 433 (1993), we have held that a board composed of members who did not participate in the decision to prosecute may render final judgment in the case.

■ Although *Lyness* and *Cooper* did not involve the temporary suspension procedures in question here, our Supreme Court in *Lyness* held that the determination that sufficient evidence exists to initiate disciplinary proceedings is prosecutorial in nature. Therefore, we are compelled to conclude that the Board's decision, in our case, to immediately suspend Merchant's license, based on a determination of the sufficiency of the evidence, is prosecutorial in nature.[7] Therefore, following *Lyness*, those members who participated in the decision to

6. In *Lyness*, the Board specifically determined, after reviewing the allegations of unprofessional conduct presented by the prosecuting attorney, that sufficient evidence existed to bring formal charges against Lyness. The Board issued an order to show cause, which triggered the formal hearing mechanism under the Health Care Services Malpractice Act. Once a hearing examiner rendered a decision, the matter was appealed to the Board to conduct a *de novo* review of the evidence. Three of the Board members who participated in the decision to prosecute Lyness participated in the adjudication of the merits.

7. We do not decide the extent to which *Shah v. State Board of Medicine*, 139 Pa.Commonwealth Ct. 94, 589 A.2d 783, *petition for allowance of appeal denied*, 528 Pa. 646, 600 A.2d 197 (1991), decided prior to *Lyness*, remains in effect.

prosecute Merchant are precluded from adjudicating the charges against him.

The Board concedes that there is currently only one untainted member available to conduct the final adjudication of this matter. We note, however, that, in *FR & S Incorporated v. Department of Environmental Resources*, 522 Pa. 114, 560 A.2d 128 (1989), our Supreme Court allowed a single member of the three-member Environmental Hearing Board to conduct the final adjudication in that case, despite regulations requiring a majority vote, where the two other members were disqualified for bias due to the commingling of adjudicative and prosecutorial roles. Additionally, relying on *FR & S*, this Court in *Batoff* permitted less than a quorum of the State Board of Psychology to conduct an adjudication where the other members were disqualified under *Lyness*.[8]

8. As we indicated in *Cooper*, the Board has adopted interim procedures to address the adjudication of cases like the present one. If an application for review of a hearing examiner's decision had been timely filed, the interim procedures directed the Board to review the case as follows:

(1) If there exists a number which constitutes a quorum of Board members who did not receive or participate in the consideration of a prosecution recommendation, that quorum will adjudicate the case. The quorum will consider the application for review de novo.
(2) If there is less than a quorum of qualified members to adjudicate the case and commingling of the Board's prosecutorial and adjudicatory functions is raised on appeal to the Board:
 (a) The Board may adopt the order of the hearing examiner.
 (b) The Board may give notices to the parties of its intent to continue the matter generally until such time as there is a sufficient number of qualified members to form a quorum to adjudicate and, as a part of its notice, provide the parties with an opportunity to raise any factual or legal issue relating thereto.
(3) If there is less than a quorum of qualified members and commingling of the Board's functions has not been raised and preserved on appeal to the Board:
 (a) The entire Board may adjudicate the case if the Respondent has not answered the order to show cause or has admitted to the factual averments in the order to show cause.
 (b) Those members of the Board who did not receive or participate in the consideration of the prosecution recommendation, even though less than a quorum, may adjudicate.
Board's Interim Procedures, Adopted October 27, 1992.
The above procedures, however, applied to cases in which a prosecution recommendation was acted upon by the Board prior to March 18,

Further, because we conclude that Merchant has an adequate administrative remedy, Merchant has the opportunity to challenge the authority of the prosecuting attorney to press additional charges before the Board.

For the foregoing reasons, we hold that Merchant has failed to exhaust his administrative remedies. Accordingly, we sustain the Board's preliminary objection to the jurisdiction of this court. Because Merchant has not exhausted his administrative remedies, we lack jurisdiction to consider the issues contained in his petition.

## *ORDER*

**AND NOW,** this 2nd day of March, 1994, upon consideration of the State Board of Medicine's Preliminary Objections to Petitioner's Petition for Review, we hereby sustain the Preliminary Objections and dismiss the Petition for Review.

1992. Neither counsel has advised this Court as to whether these procedures apply to cases acted upon after March 18, 1992.