631 A.2d 813

**The ROBERT PACKER HOSPITAL and
Guthrie Clinic Ltd., Petitioners,**

v.

**DEPARTMENT OF HEALTH, The Williamsport Hospital
and Medical Center, Geisinger Medical Center, and
Geisinger Clinic, Respondents.**

Commonwealth Court of Pennsylvania.

Argued May 10, 1993.

Decided Sept. 7, 1993.

Reargument Denied Oct. 27, 1993.

Jane Landes Foster, for petitioners.

Ruth E. Granfors, Chief Counsel, for respondent Dept. of Health.

Jack M. Mumford, for respondents Williamsport Hosp. and Medical Center.

Before DOYLE and PELLEGRINI, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

This is an appeal by Robert Packer Hospital (Packer) and the Guthrie Clinic, Ltd., (Guthrie) from an order of the State Health Facility Hearing Board (Board) which upheld a decision of the Department of Health (Department) to grant a Certificate of Need (CON) to the Williamsport Hospital and Medical Center, Geisinger Medical Center and Geisinger Clin-

ic (Applicants) for the establishment of invasive cardiology services.

In its CON proposal Applicants proposed to expand existing cardiac services at Geisinger Medical Center and Geisinger Clinic to satellite facilities at Williamsport Hospital and Medical Center in order to offer cardiac surgery and therapeutic cardiac catheterization in Williamsport, Pennsylvania. The Department granted the CON and an appeal by Packer and Guthrie to the Board followed. Subsequent to the Board's decision upholding the Department's determination, Packer and Guthrie, who would be competitors of the proposed facility, appealed to this Court.

The following findings by the Board are pertinent. On August 1, 1990 Applicants filed their CON application. On October 5, 1990 the Department advised Applicants that Chapter 26 (the relevant Chapter for this type of service) of the State Health Plan (Plan) was being updated and gave Williamsport and Geisinger the option of proceeding to have review of their proposal performed under the then-existing Chapter 26 or deferring review until the adoption of the revised Chapter. Applicants, by letter dated November 2, 1990, indicated that they would like to move the process along and chose the first of the two options. On April 29, 1991 the Department deemed the CON application complete. A public hearing was held on June 11, 1991. On July 16, 1991 all of the provisions of the then-existing Chapter 26 (old Chapter 26) were deleted and replaced by an amended Chapter 26 (new Chapter 26). The Department issued CON approval on September 25, 1991 indicating, *inter alia,* that the CON was consistent with the State Health Plan. The Department, in reviewing the CON, utilized old Chapter 26. While its review did include some discussion of new Chapter 26, its conclusions related only to old Chapter 26. Having concluded that the application was in accordance with old Chapter 26, it granted the CON. Packer and Guthrie then appealed to the Board which held that the Department properly exercised its discretion in reviewing the application under old Chapter 26, that the Department's findings were supported by substantial evi-

dence and that even if the application were reviewed under new Chapter 26, it would have met the new criteria and would have been appropriately granted in any event.

■ Packer and Guthrie then appealed to this Court. On appeal they assert that the Department should have reviewed the application under new Chapter 26, and that under either version of Chapter 26 the grant of the CON was in error as Applicants did not meet the criteria for the grant of the application. We consider these issues keeping in mind that our scope of review is limited to determining whether the findings of fact were supported by substantial evidence and whether the Board committed a constitutional violation or an error of law. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

■ We begin with the question of whether the Department should have employed the old Chapter 26 or the new Chapter 26. The Department asserts that the question is one of discretion and thus properly within its province to decide. Packer and Guthrie maintain that the issue is one of law, not discretion.

Section 707(a) of the Health Care Facilities Act (Act), Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. § 448.707(a), then directed that an application for a CON "shall be recommended, approved, *and issued* when the application substantially meets the requirements listed below: provided that each *decision,* except in circumstances which pose a threat to public health, shall be consistent with *the* State health plan...." (Emphasis added.) [1] Only one Plan exists at any given time. On the day the decision was issued the Plan in existence contained new Chapter 26 and indeed that Plan had been in existence for more than two months. Thus, in accordance with Section 707(a) of the Act, that is the version which should have been used by the Department in evaluating the application. The statute is clear and leaves to the Department no discretion to apply other than the statutory law of Pennsylva-

1. This provision was subsequently amended, *see* Section 17 of the Act of December 18, 1992, P.L. ____, but the new language is not at issue here.

nia—the State Health Plan—as enacted by the General Assembly. The fact that this Court has deferred to the Department's interpretation of the requirements *within* the Plan, and recognized that much of what is contained therein is directory only, *see Morrisons Cove Home v. Department of Health,* 140 Pa.Commonwealth Ct. 469, 593 A.2d 925 (1991), *petition for allowance of appeal denied,* 529 Pa. 653, 602 A.2d 863 (1992), does not mean that the Department has discretion as to whether to apply a deleted or repealed version of the Plan instead of the presently existing one. Where the words of a statute are clear and free from ambiguity, they are not to be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b).

We are not unsympathetic to an argument that a new version of the Plan could be adopted the day before a decision approving a CON is to be issued after many months of an intensive review process. That argument, however, must be directed to the legislature via a provision for a future effective date for the new law as this Court has no power to amend a statute.

■ Having concluded that the Department committed legal error in employing old Chapter 26, the question remains as to whether that error was harmless. The Board held that even under the new criteria the application should have been granted. The Board itself erred here. In order for it to determine whether the CON qualified for approval under the new Chapter 26, findings of fact linking Applicants' application to the criteria in new Chapter 26 are needed. The Board has no fact finding power as such authority rests solely with the Department. *Metropolitan Hospital v. Department of Health,* 107 Pa.Commonwealth Ct. 5, 527 A.2d 1067 (1987), *petition for allowance of appeal granted,* 517 Pa. 625, 538 A.2d 878 (1988). And, the fact that the parties argue strenuously in their respective well written briefs as to whether the facts of record do or do not support the grant of the 'CON, merely serves to indicate that the factual question is far from clear. Moreover, as noted previously, because the Department is

given wide latitude in requiring or excusing compliance with recommended or directory language within the Plan, it alone has the authority to exercise that discretion in its review of the CON under new Chapter 26. That being the case, the Board clearly exceeded its scope of authority in holding that the CON met the criteria of new Chapter 26.

Based upon the foregoing discussion, the Board's order is vacated and this case is remanded to the Board for further remand to the Department at which time the Department shall reassess the application under new Chapter 26.[2]

## ORDER

NOW, September 7, 1993, the order of the State Health Facility Hearing Board in the above-captioned matter is vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

**2.** Applicants, of course, are free to withdraw their application and submit a new one prepared expressly to address the criteria in new Chapter 26.