NORTH HILLS PASSAVANT
HOSPITAL, Petitioner,

v.

DEPARTMENT OF HEALTH,
Respondent.

NORTH HILLS PASSAVANT
HOSPITAL, Petitioner,

v.

DEPARTMENT OF HEALTH,
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 11, 1996.

Decided April 10, 1996.

---

Marvin A. Fein, for Petitioner.

Barbara Blackmond, for Intervenor, Medical Center, Beaver, PA, Inc.

Paul P. Posa, for Intervenor, The Washington Hospital.

James T. Steele, Jr., Assistant Counsel, for Respondent.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

North Hills Passavant Hospital petitions for review of the orders of the State Health Facility Hearing Board affirming the Department of Health's grant of certificates of need to The Medical Center of Beaver and Washington Hospital for open heart surgery services.

In 1991, applications for a certificate of need (CON) for open heart surgery services [1] were filed with the Department of Health (Department) by North Hills Passavant Hospital (Passavant), Washington Hospital, and The Medical Center of Beaver. All three hospitals are located in Health Service Area Region VI, which consists of ten counties in southwestern Pennsylvania. Applying a formula in Chapter 26 of the State Health Plan, the Department's Division of Need determined that 11 facilities were needed in the region. With nine facilities already in existence, there were only two additional open heart surgery CONs available for the three applicants.

Once the applications were deemed complete, hearings were requested and held by the Department. After separate hearings were held on all three applications, the Department issued its reports on the CONs wherein the Department's planners determined that all three facilities satisfied the criteria of the Health Care Facilities Act (Act) [2] and the provisions of the State Health Plan. However, because eight of the nine existing services were at hospitals located in Pittsburgh, and because residents of Beaver and Washington County must travel an hour or more to Pittsburgh facilities, the Department awarded a CON to both Washington and The Medical Center in order to provide better accessibility to those people living outside Allegheny County. Passavant's application was denied. [3]

■ Passavant appealed the grant of CONs to Washington Hospital and The Medical Center to the State Health Facility Hearing Board (Board). Applying a substantial evidence scope of review, the Board affirmed the grant of CONs to Washington Hospital and the Medical Center. Passavant then filed appeals of the Board's decisions and those appeals were consolidated before this court. [4]

I.

Passavant first contends that the Board did not make an independent review of the evidence as required by *Mercy Regional Health System*, 165 Pa.Cmwlth. 629, 645 A.2d 924 (1994). *Mercy*, decided by this court one month after the Board's decisions, struck down the regulation setting forth the

1. The CON applications also proposed percutaneous transluminal coronary angioplasty services. Such services can only be provided by facilities with open heart surgery services and, therefore, the approval of that part of the application is dependent solely on approval of the open heart surgery program.

2. Act of July 19, 1979, P.L. 130, *as amended*, 35 P.S. §§ 448.101–448.904b. The Act was extensively amended in 1992; however, the parties agree the pre-amendment statutes apply to the grant of CONs in this case.

3. Passavant's application for a CON was the subject of a separate appeal before the State Health

Facility Hearing Board and before this court. *See Pennsylvania Department of Health v. North Hills Passavant Hospital*, 674 A.2d 1141 (Pa. Cmwlth.1996).

4. In reviewing an order of the Board regarding a CON application, this court's scope of review is limited to determining whether the findings of fact were supported by substantial evidence and whether the Board committed a constitutional violation or an error of law. *Robert Packer Hospital v. Department of Health*, 158 Pa.Cmwlth. 329, 631 A.2d 813, 814 (1994); Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Board's scope of review as a review of the Department's findings for substantial evidence. We held that the Board is required to make its own findings and conclusions because the Act states that it is the Board which must make an adjudication in compliance with the Administrative Agency Law. Section 505 of the Act, 35 P.S. § 448.505. Passavant argues that because the Board did not independently review the evidence, making its own findings of fact and conclusions, this court must remand for a new review by the Board applying the appropriate scope of review under *Mercy.*[5] The Department counters that Passavant has waived this issue by failing to raise it in its petition for review to this court.[6]

■■■ The Rules of Appellate Procedure require that the petitioner state in its petition for review a general statement of issues[7] that may be clarified in the brief. Pa.R.A.P. 1513(a); *Shovel Transfer v. Pennsylvania Liquor Control Board,* 666 A.2d 395 (Pa.Cmwlth.1995). However, issues not raised in the petition for review are not properly preserved and this court will not address them. *McGrath v. State Board of*

*Dentistry,* 159 Pa.Cmwlth. 159, 632 A.2d 1027 (1993); *Standard Fire Insurance Co. v. Insurance Department,* 148 Pa.Cmwlth. 350, 611 A.2d 356 (1992). Passavant asserts that it raised the issue by averring that certain findings of the Board were not supported by substantial evidence of record.[8] (Original Records, Petitions for Review). Contrary to Passavant's assertion, this statement addresses this court's standard of review but in no way raises the issue of whether the Board should have made an independent review of the evidence in compliance with the Administrative Agency Law. Because the issue of the Board's scope of review was not raised in the petition for review, we will not address it.[9]

## II.

Passavant secondly contends that there was no substantial evidence of record to support findings that The Medical Center and Washington Hospital could perform a minimum of 450 open heart procedures by the third year of the programs, as required by the State Health Plan.[10] It argues that by

---

5. We are cognizant of Section 9(a) of the Act of February 23, 1996, P.L. ——, (Act No. 10 of 1996, H.B. 272), which, effective June 30, 1996, eliminates the Board and places its review functions in The Health Care Policy Board. However, because of our decision in this matter, we need not determine to which body the case would be remanded if such a remand was necessary.

6. The Department also argues that the issue is waived for failure to raise it before the Board. Although we believe it would be illogical to challenge the Board's action before the Board acted, we need not address this question because of our determination that the issue was not properly raised in Passavant's petition for review.

7. The general statement of issues "will be deemed to include every subsidiary question fairly comprised therein." Pa.R.A.P. 1513(a).

8. Passavant also argues that it raised the issue in its "Designation of the Contents of the Reproduced Record". Although Rule 2154(a) of the Rules of Appellate Procedure requires that included with the designation of the parts of the record that counsel intends to reproduce is a brief statement of the issues to be presented to the court, this statement of issues is intended to provide notice to opposing counsel of what parts of the certified record will be included in the reproduced record, in order that opposing coun-

sel may file a designation of any additional parts of the certified record that should be included in the reproduced record, so that it contains all relevant parts of the certified record. *See* Darlington, McKeon, Schuckers & Brown, Pennsylvania Appellate Practice 2d, § 2154:2 n. 35. It is not intended to allow the petitioner to raise new issues not raised in the petition for review. Accordingly, issues raised for the first time after the petition for review is filed are waived. · Pa.R.A.P. 1513.

9. Passavant argues that *Mercy* must be retroactively applied to this case. Whether or not *Mercy* is retroactively applied is immaterial because even if decisional law is retroactive, the issue must be properly preserved at all stages of adjudication up to and including any direct appeal. *Blackwell v. Commonwealth, State Ethics Commission,* 527 Pa. 172, 183, 589 A.2d 1094, 1099 (1991); *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983); *McGrath.*

10. Section 707 of the Act, 35 P.S. § 448.707, mandates that:
    An application for a certificate of need shall be recommended, approved, and issued when the application substantially meets the requirements listed below: provided that each decision, except in circumstances which pose a threat to public health, shall be consistent with the State health plan: ...

using the formula in the State Health Plan, the Medical Center predicted that it would perform at most 293 procedures annually, but that the Department unreasonably believed it would perform 450 procedures in the third year of operation based on the aging population in the area. As to Washington Hospital, under the State Health Plan calculation, Passavant argues they would perform 450 annually only if the total population of Fayette County is included; however, the Department revised Washington Hospital's service area to include only part of Fayette County. If only part of Fayette County is included, Passavant asserts, the annual procedures performed would be calculated as only 405. The Department contends and the Board found that Passavant failed to raise this issue in its notice of appeal to the Board and, therefore, it is waived.

The Act specifically limits the Board to addressing issues that were raised in the notice of appeal to the Board:

> The appeal to the hearing board ... shall be limited to issues raised by the appellant in the specification of objections to the decision of the department ...

Section 506(a) of the Act, 35 P.S. § 448.506(a). *See also* 37 Pa.Code § 197.44. In its regulations, the Board states that the notice of appeal should state the general issues for appeal and that those issues must be specifically addressed in the pre-hearing brief or they are waived. 37 Pa.Code § 197.34(b).[11]

■ As noted by the Board, Passavant's notices of appeal set forth only the very general statement that the Department's approval of the CONs is not supported by substantial evidence. In those notices of appeal, the specific issues raised all relate to whether a proper comparative review was performed and whether the determination of the number of CONs needed was proper. (R.R. 1a–3a in both cases). Although the general statement possibly could have included the specific argument now made, Passavant's pre-hearing briefs did not object to the Department's decision that The Medical Center and Washington Hospital could annually perform the required 450 surgeries. Neither the statement of issues nor the argument sections of the pre-hearing brief advanced the argument that The Medical Center and Washington Hospital failed to meet the 450 procedure requirement.[12] Because Passavant was required to preserve the issue of the 450 minimum procedures requirement in the pleadings and briefs before the Board and it did not do so, we agree with the Board's determination that the issue was waived.[13]

### III.

Passavant also contends that the Department failed to perform a simultaneous and

---

A new Chapter 26 to the State Health Plan was adopted in 1991. The new provisions require that a new open heart surgery program should do 150 cases in the first year, 300 in the second year, and 450 in the third year and annually thereafter. The number 450 was set after a review of recent literature on the subject of quality in open heart surgery which demonstrate a strong relationship between the volume of cases done at a hospital and the quality of outcome. This relationship between numbers of procedures by a hospital and quality is attributed to the fact that a minimum number of cases is necessary to allow the hospital to maintain support staff specially trained and dedicated to the procedures. (Reproduced Record in No. 1675 C.D.1994, 395a, and in No. 1676 C.D.1994, 607a). The State Health Plan also states that a facility offering pediatric open heart surgery should be performing 100 cases annually. (R.R. 399a and 611a).

11. The Board's regulation provides:

> The notice of appeal [to a grant or refusal of a CON] shall set forth in general terms the specification of objections. Specific arguments shall be reserved for the appeal brief. Except for issues which are based on facts and evidence not known to appellant in advance of the hearing, issues not raised and argued in the appeal brief shall be deemed to be waived. 37 Pa.Code § 197.34(b).

12. The only assertion made by Passavant was that it could reach 450 procedures in its second year, not that the other hospitals could not meet the 450 procedures requirement. (O.R. Prehearing briefs, p. 26).

13. The Board also determined that Passavant was required to raise the issue before the Department and failed to do so. Because the issue was waived before the Board, we do not address whether an objector is required to raise all issues to the administrative agency prior to the agency taking any action.

comparative review as required by the Act. Passavant argues that a mere assertion that a comparative review was done is insufficient and that the Department's decision must establish that a comparison occurred before a CON is granted to any of the applicants. The Department counters that it gave all parties the opportunity to object to the relative merits of each application, gave each application a full review and compared the applications before issuing a decision.

■ In *Ashbacker Radio Corp. v. Federal Communications Commission*, 326 U.S. 327, 333, 66 S.Ct. 148, 151, 90 L.Ed. 108 (1945), the U.S. Supreme Court held that when an administrative agency has mutually exclusive applications for a private license, one application cannot be granted before hearings are held on both applications. This case has been consistently applied to require administrative agencies to provide contemporaneous and comparative reviews of mutually exclusive applicants. *See Grkman v. Scanlon*, 563 F.Supp. 793 (W.D.Pa.1983); *Kirby v. United States Department of Housing and Urban Development*, 563 F.Supp. 248 (E.D.Pa.1983); *Huron Valley Hospital, Inc. v. State Health Facilities Commission*, 110 Mich.App. 236, 312 N.W.2d 422 (1981), *appeal denied*, 413 Mich. 853 (1982). *See also Man O' War Racing Association v. State Horse Racing Commission*, 433 Pa. 432, 250 A.2d 172 (1969) (approving the agency's joint hearing for all applicants). Based on the reasoning of *Ashbacker*, Section 702(j)(1) of the Act requires the Department to provide for categories of projects which must receive simultaneous and comparative review and periods in which such applications would be reviewed. 35 P.S. § 448.702(j)(1).[14] However, because the term "simultaneous and com-

parative review" has not been defined by the Act or the regulations, we will apply the common meaning of the words to determine if the Department reviewed the three applications at the same time and examined the applications for similarities and dissimilarities and the relative merits of each. 1 Pa. C.S. § 1903(a); Webster's Ninth New Collegiate Dictionary (1989) pp. 267–68, 1099.

■ The records establish that the Department followed a parallel pattern of review for all applications and held hearings on The Medical Center's and Washington Hospital's applications on August 4, 1992. Passavant had the opportunity to and did present objections to the applications. After the hearing on Passavant's application was held on November 10, 1992, the Department issued the first decision, dated November 16, 1992, awarding a CON to Washington Hospital followed by a December 7, 1992 decision awarding a CON to The Medical Center. (R.R. in No. 1676 C.D.1994, 492a–493a, and in No. 1675 C.D.1994, 282a–283a). In both cases, the Department recognized the requirement that it perform a simultaneous and comparative review and it addressed that review in the planner's report.[15] In the report for Washington Hospital, the Department stated:

> Based on quality of services, projected utilization and cost of providing the service, [Passavant] is certainly qualified to provide open heart surgery and therapeutic cardiac catheterization services. However, approval of another facility in Allegheny County would not show evidence of proper consideration given to residents living in outlying counties who must travel up to 2

---

**14.** The Department initially promulgated a regulation requiring simultaneous and comparative review for cardiac surgery applications for CONs. 28 Pa.Code § 401.7(a)(4). The remaining provisions of that regulation would provide for closed periods of time when such applications can be submitted to the Department and for simultaneous procedures, including the determination that an application is complete, notice of completeness, and public hearings. 28 Pa.Code § 401.7. The Department subsequently published notice that it would defer indefinitely the implementation of § 401.7 and has never acted to allow its implementation. (Even if effective,

the regulation did not address the format in the Department's decisions comparing the applications.) Although the Department did not comply with the Act's requirement for regulations governing simultaneous and comparative review, it is not relieved of the statutory duty to provide such a review.

**15.** The planners also gave testimony before the Board about their review and comparison of the applications. *See* R.R. in No. 1675 C.D.1994, 557a–561a, and in No. 1676 C.D.1994, 302a–305a, 337a–341a.

hrs. into Allegheny County to receive these services.

(R.R. 491a). Likewise, in the report for The Medical Center CON, the Department stated that based on the general criteria, Passavant was as qualified to provide the open heart surgery services; however, on the issue of accessibility,[16] it would duplicate service in Allegheny County while the other hospitals would provide service to areas of Region VI who previously had to rely on Allegheny County hospitals. (R.R. 280a).[17] Although the Department could have written detailed comparisons of all of the criteria in its reports, as suggested by Passavant, in this case, they would not have been helpful to the determination because the Department found that all three of the hospitals meet the basic requirements of the Act and the criteria of the State Health Plan. It was only in the Department's consideration of accessibility that the proposed services differed, and on that issue, the Department provided a detailed comparison of the programs. The comparison supports its choice to grant CONs to The Medical Center and Washington Hospital.

Passavant argues that if the Department performed a comparison charting all of the qualifications of each application, it could only have concluded that Passavant was the most qualified applicant. Our Supreme Court addressed a similar argument in *Man O' War Racing Assoc.* and rejected it:

> The importance of appreciating the number of technical and precise factors with which the Commission had to contend is only to emphasize what must be obvious. The Legislature vested this authority in the Commission because of the expertise and judgment required in making the important decision which corporations were to be granted licenses....
>
> ... The record is replete with clear indications that all four successful applicants were highly qualified (as was appellant). Our review of the transcripts of each of the presentations and a careful study of each application indicates that the Commission was in the fortunate albeit difficult position of choosing from among fifteen applicants all of whom seemed [qualified]. Thus appellant's argument that review of the qualifications of all the applicants would reveal "the overwhelming superiority of Man O' War" must be rejected as mere hyperbole.

*Man O' War Racing Association*, 433 Pa. at 450–51, 250 A.2d at 180–81.

Because the Department performed an adequate "simultaneous and comparative review" and because Passavant has waived its additional contentions, we affirm the orders of the Board granting CONs to The Medical Center and Washington Hospital.

### ORDER

AND NOW, this 10th day of April, 1996, the orders of the Pennsylvania State Health Facility Hearing Board, both dated June 9, 1994, docketed at Nos. CN 92–028 and CN 92–029, are affirmed.

---

**16.** Accessibility is a consideration for the Department in the Act. Section 707(c)(6) of the Act, 35 P.S. § 448.707(c)(6).

**17.** The Department discussed the accessibility question further in the report for The Medical Center:

> All of the existing, active open heart surgery programs are located in Pittsburgh, Allegheny County. The region includes 9 other counties, some rural in nature and many serving widely rural populations. In order to receive open heart surgery or therapeutic cardiac catheterization, patients in these areas have had to travel into Pittsburgh, creating numerous hardships for the patients and their families.
>
> The [State Health Plan] and the CON criteria require that accessibility to services be given consideration....
>
> Placement of another open heart surgery program in Allegheny County at this time would do little to improve accessibility to this service throughout the region. The Medical Center of Beaver's proposal would improve accessibility to open heart surgery services for residents of the northwestern part of the region....

(R.R. 277a–278a).