**Garen MEGUERIAN, Esq., Petitioner**

v.

**OFFICE OF THE ATTORNEY GENERAL, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 27, 2013.
Decided Nov. 14, 2013.
Publication Ordered March 3, 2014.

Garen Meguerian, Paoli, for petitioner.

Sean A. Kirkpatrick, Deputy Attorney General, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge SIMPSON.

Jenny Stephens (Stephens) appeals from a final determination by the appeals officer designated by the Office of the Attorney General (AG) that denied her appeal from the AG's denial of her request seeking emails relating to an employee's former position under the Right–to–Know Law (RTKL).[1] The AG's appeals officer denied the request because the emails sought do not qualify as records of the agency. Upon review, we affirm.

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

## I. Background

Attorney Garen Meguerian submitted a request seeking "any and all emails, in their native electronic and searchable format, reflecting communications by and between Jessie Smith and any of the following individuals for the period January 1, 2011 through [January 30, 2013]. . . ." (Request). Reproduced Record (R.R.) at 1a–2a. The Request then identified specific individuals and "anyone utilizing '@dauphinc.org' to send or receive electronic communications." R.R. at 2a.

AG timely responded, invoking an extension to conduct a legal review, and asking Attorney Meguerian "to specify a subject matter that would assist this office in carrying out a more tailored search to properly address the intent of your request." R.R. at 4a. According to AG, during a telephone call with its RTK Officer, Attorney Meguerian specified the "Dog Law"[2] as the subject matter for the emails requested. R.R. at 6a.

AG responded to the Request, denying access to the emails because they did not qualify as "records" of the agency, AG. AG explained that Jessie Smith was not appointed to her position with AG until December 31, 2011. Further, pursuant to agency policy, AG did not retain emails older than six months. Of the emails retained, emails regarding "Dog Law" limited potentially responsive records to exchanges between Julian Prager, Libby Williams, Marsha Perelman, and Sarah Speed. However, AG explained, emails pertaining to Dog Law did not relate to Smith's employment and were outside the scope of agency activity. Accordingly, the emails did not reflect AG activity, and were not attributable to AG based on the RTKL definition of "records" in Section 102, 65 P.S. § 67.102.

In rebuttal, Attorney Meguerian advised AG that he never limited his request to "Dog Law," and sought all emails between the identified individuals because he is interested in a lawsuit for defamation initiated by Smith. R.R. at 8a. He advised he intended to serve a subpoena for these emails. *Id.* Attorney Meguerian then appealed to the AG appeals officer.[3]

In his appeal, Attorney Meguerian denied ever limiting the Request by subject matter, and stated: "I advised [the Right to Know Officer (RTKO)] that we would not provide specificity as to the subject matter insofar as our interest was pursuant to *any* matter(s) recorded between Smith and the named individuals. Furthermore, [RTKO] was *specifically* advised that we were not limiting our request to records pertaining to 'Dog Law.'" R.R. at 11a (emphasis in original). He argued AG's interpretation of " 'record' is overly-narrow," contending emails Smith sent while employed by AG evidence agency activities. R.R. at 13a. He further asserted any emails she created, received or retained, manifest her role as a public official using AG computers and servers during business hours, "notwithstanding [their] content." R.R. at 14a.

█ The AG's appeals officer denied the appeal, concluding the identified emails do not constitute "records" as defined in the RTKL. Attorney Meguerian, on behalf of his client, the originally named petitioner, Jenny Stephens, appealed to this Court.[4]

---

**2.** Act of Dec. 7, 1982, P.L. 784, *as amended*, 3 P.S. §§ 459–101–459–1209.

**3.** Pursuant to Section 503(d) of the RTKL, "the [AG] . . . shall [] designate an appeals officer to hear appeals under Chapter 11." 65 P.S. § 67.503(d).

**4.** This Court exercises *de novo* review of appeals officers' decisions pertaining to Commonwealth agencies. *Bowling v. Office of*

## II. Discussion

▮▮ AG is a Commonwealth agency as defined by the RTKL. Section 102 of the RTKL, 65 P.S. § 67.102. A Commonwealth agency bears the burden of proving a record is exempt from disclosure. *Dep't of Transp. v. Office of Open Records (Aris)*, 7 A.3d 329 (Pa.Cmwlth.2010). The scope of review for a question of law under the RTKL is plenary. *Bowling v. Office of Open Records*, —— Pa. ——, 75 A.3d 453 (2013).

### A. Standing

AG challenges Stephens' standing to appeal the denial because Attorney Meguerian never identified her as the party in interest. We review this procedural issue as a matter of law based on the following undisputed facts.

Stephens was not the "requester" under the RTKL. Attorney Meguerian made the initial request, and he appealed the request to the AG's appeals officer. There is no written indication that Attorney Meguerian submitted the Request on Stephens' behalf. Attorney Meguerian's appeal to the appeals officer repeatedly refers to "our request," and indicates the intent behind the Request was to elicit facts relevant to a defamation suit Smith filed, presumably against his client. R.R. at 8a. However, he did not reveal the identity of the client.

Under Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a), either "a requester or the agency may file a petition for review . . . with the Commonwealth Court." This case presents unique facts in that Attorney Meguerian was the "requester" to the agency in the administrative proceedings, and filed this petition for review. Section 1301(a) confers standing to appeal upon Attorney Meguerian, and Attorney Meguerian actually filed the petition. The difficulty here arises because Attorney Meguerian's capacity in making the request appears to be on his own behalf, and his capacity in filing the petition for review is as "Attorney for the Petitioner Jenny Stephens." *See* Pet. for Review, signature block.

▮▮ Construing the language of the statute strictly, the requester, Attorney Meguerian, filed the petition for review. Therefore, he has standing to appeal. AG argues the client Stephens lacks standing to appeal, and is not the proper petitioner. The facts of record compel our agreement.

The RTKL defines "requester" as "[a] person that is a legal resident of the United States and requests a record pursuant to this act." 65 P.S. § 67.102. Attorney Meguerian submitted the Request.

Attorney Meguerian did not indicate in correspondence that he submitted the Request on behalf of a client. Further, in correspondence he did not identify Stephens as the real party in interest. Deliberately or not, Attorney Meguerian did not clarify the capacity in which he made the Request. If he made it on behalf of his client, he should have so stated or otherwise explained Stephens' status as the directly interested party.

▮▮ The concept of "standing," in its accurate legal sense, is concerned only with the question of who is entitled to make a legal challenge to the matter involved. *Pa. Nat'l Mut. Cas. Ins. Co. v. Dep't of Labor & Indus., Prevailing Wage Bd.*, 552 Pa. 385, 715 A.2d 1068 (1998); *Pa. Game Comm'n v. Dep't of Envtl. Res.*, 521 Pa. 121, 555 A.2d 812 (1989). Standing may be conferred by statute or by having an interest deserving of legal protection. *Pa. Game Comm'n.*

*Open Records*, —— Pa. ——, 75 A.3d 453 (2013).

■■ The core concept of standing is that someone who is not adversely affected by the matter he seeks to challenge, and is not aggrieved thereby, has no right to obtain a judicial resolution of his challenge. *Id.* Generally, when statutory provisions designate who may appeal an agency action, only those persons so designated have standing to appeal. *Chichester Kinderschool v. Dep't of Pub. Welfare,* 862 A.2d 119 (Pa.Cmwlth.2004). However, this Court has permitted third parties who had a direct interest recognized by Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c), to participate on appeal to this Court. *Office of the Governor v. Bari/Indep. Visitor Ctr. v. Bari,* 20 A.3d 634 (Pa.Cmwlth.2011).

In the few decisions implicating standing under the current RTKL, this Court focuses on whether the putative appellant is a party with a direct interest. *Bari* (third party in interest may raise issues on appeal not raised by requester); *E. Stroudsburg Univ. Found. v. Office of Open Records,* 995 A.2d 496 (Pa.Cmwlth.2010) (*en banc*) (dismissing OOR as a party; holding OOR may not appeal decisions pertaining to its adjudications because it is not an interested party as to the disclosure of the information sought); *see also SWB Yankees LLC v. Wintermantel,* 615 Pa. 640, 647–648, 45 A.3d 1029, 1033 (2012) (recognizing Chapter 13 court's analysis of standing under RTKL may invoke Section 1101(c) as to direct interest). Therefore, Stephens must have a direct interest in the disclosure of the information sought in the Request to have standing to appeal.

The record does not address Stephens' direct interest because she was not an apparent party in interest in the administrative adjudication. Thus, there is no evidence Stephens was aggrieved by the AG's denial of disclosure.

■ From the filings, it is clear Attorney Meguerian represents Stephens in this appeal. Attorneys are permitted to submit right-to-know requests on behalf of their clients. *See, e.g., Travaglia v. Dep't of Corr.,* 699 A.2d 1317 (Pa.Cmwlth.1997); *Ryan v. Pa. Higher Educ. Assistance Agency,* 68 Pa.Cmwlth. 123, 448 A.2d 669 (1982) (attorney may seek disclosure of documents on client's behalf, and not precluded from pursuing RTKL appeal merely because client was not a qualifying requester).

Given the foregoing, we discern merit in AG's challenge to Stephens' standing. However, Attorney Meguerian is a party in interest with the right to appeal AG's denial. 65 P.S. § 67.1301(a). Because this Court has subject-matter jurisdiction, we decline to dismiss this action for failure to name the proper petitioner. That would be an inefficient use of judicial resources, particularly when we can decide the merits of the appeal without prejudice to any party.

In accordance with the foregoing, the caption will be amended to reflect Attorney Meguerian as the proper petitioner (Petitioner).

**B. "Records" Status under the RTKL**

Petitioner asserts the responsive emails should be disclosed by virtue of Smith's current position with AG, regardless of the lack of connection of Dog Law enforcement to her current employment. Petitioner also contends AG committed bad faith, and he requests reasonable attorney fees and costs associated with the appeal pursuant to Section 1304 of the RTKL, 65 P.S. § 67.1304.

As the material facts are not in dispute, we need not serve as factfinder in order to address the merits.

■ Only "records" of the agency to which the request is directed, the responding agency, are subject to the RTKL. *Bag-*

*well v. Dep't of Educ.,* 76 A.3d 81 (Pa. Cmwlth.2013) (*en banc*) (holding records at issue must be "of" the agency to which requester directed a request, even when the subject matter of the records involves another entity). Section 102 of the RTKL defines the term "record" as:

> *Information,* regardless of physical form or characteristics, *that documents a transaction or activity of an agency* and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

65 P.S. § 67.102 (emphasis added).

For emails to qualify as records "of" an agency, we look to the subject-matter of the records. Emails are not considered records of an agency simply because they are sent or received using an agency email address or by virtue of their location on an agency computer. *See Easton Area Sch. Dist. v. Baxter,* 35 A.3d 1259 (Pa.Cmwlth.2012). The emails must document a transaction or activity of the responding agency. *Id.; Mollick v. Twp. of Worcester,* 32 A.3d 859 (Pa.Cmwlth. 2011).

In this case, the Request seeks records over a finite timeframe between Smith, currently an AG employee, and over 45 named individuals. Although we question whether the description is sufficiently specific under Section 703 of the RTKL, 65 P.S. § 67.703, AG did not raise this defense. This Court does not raise agency defenses on its own motion. Further, there is no need to do so here when AG was able to discern responsive records based on the limited information set forth.

Smith is a current AG employee with an assigned AG email account. She is an attorney appointed to the Health Care Section since December 31, 2011. The Health Care Section mediates consumer complaints involving the health care industry, investigates potentially unlawful business practices within this industry, and takes legal action where necessary. Pursuant to AG policy, employees are permitted "[l]imited, occasional, or incidental use of information technology equipment or services for personal, non-business purpose, including the sending and receiving of email messages." R.R. at 17a.

Relevant here, prior to her employ with AG, Smith served as Special Deputy Secretary of Dog Law Enforcement with the Pennsylvania Department of Agriculture. Notably, Petitioner acknowledges the individuals named in the Request were "members of the Governor's Dog Law Advisory Bureau, kennel owners and operators and their attorneys, lobbyists and members associated with various humane organizations and related charities and journalists." Pet'r's Br. at 12.

AG explains Smith ended her service overseeing Dog Law issues when she began her appointment as a health care attorney with the Health Care Section on December 31, 2011. AG's search of Smith's emails revealed some emails within the relevant timeframe between Smith and Julian Prager, Libby Williams, Marsha Perelman and Sarah Speed. R.R. at 6a. However, none of the emails pertained to business Smith conducted on behalf of AG as a health care attorney. Further, none of the emails pertain to agency business, as they were sent in Smith's private capacity.

Contrary to Attorney Meguerian's disclaimers, the petition for review acknowledges the "issues pertain[ed] to Dog Law and other related matters." Pet. for Re-

view at ¶ 3. Moreover, Petitioner acknowledges the limitation as to subject-matter and did not appeal that limitation. In fact, the petition for review characterizes the Request as seeking "documents evidencing communications by and between the former Special Deputy Secretary for Dog Law Enforcement and individuals with whom the Special Deputy Secretary routinely communicated both during and after her tenure in that post...." Pet. for Review at ¶ 8. Therefore, our analysis is limited to only those emails identified as Dog Law-related.

 That the Request is limited to only those emails related to Smith's former employment with another Commonwealth agency is significant. To be subject to disclosure, the records at issue must relate to *AG's* transaction of business or activities, not that of another agency. *Bagwell* ("records" analysis focuses on agency to which request is directed). Here, Petitioner concedes the emails " 'document a transaction or activity' of the Bureau of Dog Law," when the Request was directed to AG, not the Bureau of Dog Law.

 Emails are not accessible under the RTKL simply because they evidence communications of a public official. *Baxter.* Such a broad construction ignores this Court's decisions emphasizing content and interpreting "records" in the context of emails. *See Baxter; Barkeyville Borough v. Stearns,* 35 A.3d 91 (Pa.Cmwlth. 2012) (requiring disclosure of emails of individual public officials as records of agency because emails discussed borough business); *see also Mollick.* Only "records" that meet the definition in Section 102 that are in an agency's possession are presumed public.

Enforcement of the Dog Law does not come within AG's jurisdiction, and it is not part of Smith's role as an AG employee. Although Petitioner admits the Request seeks records related to Smith's *prior* position, he questions why that matters where Smith remains in the Commonwealth's employ. AG's final determination, which requires the emails to relate to Smith's current role as an AG attorney undermines transparency, Petitioner asserts. We disagree. Interpreting the RTKL according to its plain meaning is not an unnecessarily "narrow interpretation." Pet'r's Br. at 11. It is the reasonable one.

 We further reject Petitioner's argument that Smith may be regarded as a contractor for the Department of Agriculture when she sent emails about Dog Law issues after accepting her appointment to AG. Petitioner waived the issue by failing to raise it in his petition for review. Pa. R.A.P. 1513(a); *see N. Hills Passavant Hosp. v. Dep't of Health,* 674 A.2d 742 (Pa.Cmwlth.1996). Moreover, this bald allegation disregards that such a request for a contractor's records must be directed to the agency for which the contracted function is performed, purportedly the Department of Agriculture.

## III. Conclusion

 In conclusion, emails a current agency employee sends through an agency email domain that are unrelated to her current employment, and instead, relate to her former employment, are not "records" of the current agency employer. Therefore, we affirm the final determination of the AG's appeals officer. As we observe no bad faith by AG, and agree with its reasonable interpretation of the RTKL in denying access here, the request for attorney fees and costs is denied.

## *ORDER*

**AND NOW,** this 14th day of November, 2013, final determination of the Office of

the Attorney General's designated appeals officer is **AFFIRMED.** In addition, Petitioner's request for attorney fees and costs is **DENIED.**